RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
JOSEPH G. WENT, ESQ.
Nevada Bar No. 009220
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:   rhoward@klnevada.com
          jwent@klnevada.com

Attorneys for Permanent Receiver
**JAMES H. DONELL**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL EXPRESS CAPITAL REAL ESTATE INVESTMENT FUND I, LLC; GLOBAL EXPRESS CAPITAL MORTGAGE CORP.; GLOBAL EXPRESS SECURITIES, INC.; CONNIE S. FARRIS; and DAWN M. REESE,<br><br>Defendants. | Case No.: CV-S-03-1514-KJD (LRL)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: GHAZAL LITIGATION (CASE NO. A477918)** |

The trial of the claims set forth in the complaint filed in the Eighth Judicial District Court in Case No. A477918 came on before this Court, the Honorable Kent J. Dawson, United States District Judge, presiding. This Court having heard and considered the evidence presented during the course of said trial, the argument of counsel, and being fully advised in the premises, makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1.  Black Tie Investments ("Black Tie"), became the record title holder of certain real property located in Clark County, Nevada, commonly known as 1660 S. Valadez, Las Vegas,

Nevada, Assessor's Parcel Number 163-04-605-009 (the "Property") by Grant, Bargain, Sale Deed – In Lieu of Foreclosure (the "Deed") dated February 15, 2002, recorded on February 15, 2002 in Book 20020215 as Instrument No. 01928 in the official records of the Clark County Recorder.

2. The Deed was executed by Robert and Deborah Holgate as the managers of Chinook, LLC, a Nevada limited liability company.

3. On December 16, 2003, SAMIR GHAZAL ("Ghazal") filed a Complaint against CONNIE FARRIS ("Farris") and the BDCC Trust (the "BDCC Trust"), among others, in Department XII of the Eighth Judicial District Court, Clark County, Nevada as Case No. A477918 (the "Ghazal Litigation").

4. Ghazal alleged in the Ghazal Litigation that on April 10, 2002, he loaned the sum of $320,000.00 to Farris and BDCC Trust.

5. Ghazal alleged in the Ghazal Litigation that his loan to Farris and the BDCC Trust was secured by a deed of trust recorded against the Property.

6. Ghazal alleged in the Ghazal Litigation that on April 10, 2002, the BDCC Trust executed a deed of trust as security for his loan, which was recorded against the Property on or about June 9, 2003 in Book 20030609 as Document Number 03693 in the official records of the Clark County Recorder's Office (the "Ghazal Deed of Trust").

7. The obligation secured by the Ghazal Deed of Trust was partially satisfied and reduced to reflect the net claim of said lien, i.e. $227,200.00.

8. The BDCC Trust and Black Tie are entities within the Receivership Estate as set forth in the Preliminary Injunction.

9. At the time that the Ghazal Deed of Trust was recorded against the Property, the Property was owned by Black Tie, not the BDCC Trust.

10. At the time that the Ghazal Deed of Trust was recorded against the Property, the BDCC Trust had no interest in the Property.

11. On November 8, 2004, Ghazal submitted a claim to the Receivership Estate in the sum of $227,200.04 ("Ghazal Claim").

12. On the Ghazal Claim, Ghazal stated that he believed his claim to be unsecured.

13. On July 14, 2005, the Receiver approved the Ghazal Claim.

14. Thereafter, this Court confirmed and approved the Ghazal Claim as set forth on the Ghazal Claim.

15. Ghazal received the sum of $20,171.90 from the Receiver as part of the First Interim Distribution that was approved by this Court during January of 2006.

16. On or about June 19, 2006, Ghazal received the sum of $5,383.88 from the Receiver, as and for a second interim distribution from the Receivership Estate.

17. On or about October 25, 2006, Ghazal received a third interim distribution from the Receivership Estate in the sum of $15,632.64.

18. As a result of the allowance of Ghazal's unsecured claim, he has received the aforesaid three payments, totaling $41,188.42 from the Receivership Estate.

19. As a result of the Preliminary Injunction, the Ghazal Litigation was stayed.

20. On September 7, 2005, this Court entered its Order authorizing the Receiver to sell the Property free and clear of any and all liens, including the Galaxy Lien and the Ghazal Deed of Trust, subject to 150% of the Galaxy Lien and Ghazal Deed of Trust being set aside in separate interest bearing accounts until the resolution of said liens.

21. On December 1, 2006, this Court authorized the posting of a surety bond in the amount of $180,000.00 for the benefit of Galaxy, and a surety bond in the amount of $340,800.00 for the benefit of Ghazal to replace the funds held on deposit from the sale of the Property as ordered by this Court (Document No. 685).

22. On January 9, 2007, the Receiver filed the Notice of Posting Bond for the release of the Court-ordered deposit (Document No. 693). The Notice included a bond issued by First American Title Insurance Co. ("First American") in the amount of $180,000.00 for the benefit of Galaxy and a bond issued by First American in the amount of $340,800.00 for the benefit of Ghazal (the "First American Bonds").

23. Thereafter, the proceeds from the sale of the Property were distributed by the Receiver in accordance with the orders of the Court.

## CONCLUSIONS OF LAW

1. As stated above, on November 8, 2004, Ghazal submitted the Ghazal Claim to the Receivership Estate.

2. As a result of the allowance of Ghazal's unsecured claim, he has received the sum of $41,188.42 from the Receivership Estate.

3. Ghazal asserted a position in this matter pursuant to the Ghazal Claim, and received monetary compensation on account of his asserted position.

4. Now, however, Ghazal alleges that he is free to pursue his allegedly "secured" claim against the Receivership Estate.

5. It is well-established under Nevada law that a grantor can convey no greater title or interest than he or she has in the property. See, e.g., Brophy Min. Co. v. Brophy & Dale Gold & Silver Min. Co., 15 Nev. 101 (1880).

6. Here, BDCC Trust, on April 10, 2002, had no interest to convey to Ghazal, because BDCC Trust held no interest in the Property to convey. See, e.g., Anderson v. Hall, 91 Wash. 376, 157 P. 996, 998 (1916) (explaining that a second deed attempting to convey the same interest in a property conveyed in a previous deed "conveyed no interest in the property at all, as the grantors had no interest to convey").

7. As a result, the Ghazal Deed of Trust is invalid and unenforceable.

8. Further, the doctrine of judicial estoppel operates to prevent Ghazal to switch his position and assert a secured claim.

9. Under the doctrine of judicial estoppel a party may be estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding the contrary of the assertion sought to be made." Advanced Countertop Design, Inc. v. Nevada Second Judicial District Court, 115 Nev. 268, 271, 984 P.2d 756, 759 (1999) (quoting 31 C.J.S. Estoppel § 121).

10. The integrity of the Receivership Estate depends on full and honest disclosure by claimants. See, e.g., Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778 (9th Cir. 2001).

11. Here, Ghazal filed the Ghazal Claim with the Receivership Estate, identifying his claim as unsecured, and received three payments totaling $41,188.42 from the Receivership

1  Estate.

2  12. This Court hereby concludes that even if the Ghazal Deed of Trust is valid, which
3  it is not, Ghazal should not now be permitted to recover based on a secured claim.

4  13. Moreover, the doctrine of *res judicata* bars a party from bringing a claim if a
5  court of competent jurisdiction has rendered a final judgment on the merits of the claim in a
6  previous action involving the same parties or their privities. See <u>Siegel v. Fed. Home Loan</u>
7  <u>Mortgage Corp.</u>, 143, F.3d 525, 528 (9th Cir. 1998).

8  14. *Res judicata* applies whenever there is an identity of claims, a final judgment on
9  the merits, and privity between the parties.

10  15. Here, Ghazal identified his claim as unsecured, submitted the Ghazal Claim to the
11  Receivership Estate, had the claim approved by this Court, and received payments totaling
12  $41,188.42 from the Receivership Estate.

13  16. Ghazal should be precluded from asserting an action to recover on his allegedly
14  secured claim or any other claim regarding the Property.

15  As a result of the Findings of Fact and Conclusions of Law set forth above,

16  1. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Ghazal
17  Deed of Trust is invalid and unenforceable.

18  2. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Ghazal is
19  not entitled to recover under that surety bond for release of court-ordered deposit posted by First
20  American, Bond No. 7586815, on file herein as Exhibit B to Document No. 693.

21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28  . . .

3. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the surety bond for release of court-ordered deposit posted by First American, Bond No. 7586815, on file herein as Exhibit B to Document No. 693 is hereby discharged and First American is hereby released from further responsibility in connection with said bond.

**IT IS SO ORDERED.**

DATED this 30 day of November, 2010

_____
THE HONORABLE KENT J. DAWSON
UNITED STATES DISTRICT COURT JUDGE

**Submitted by:**

**KOLESAR & LEATHAM, CHTD.**

By _____
RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
JOSEPH G. WENT, ESQ.
Nevada Bar No. 009220
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102

Attorneys for Permanent Receiver
**JAMES H. DONELL**