# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

GLOBAL EXPRESS CAPITAL REAL
ESTATE INVESTMENT FUND I, LLC, *et
al*.,

    Defendants.

Case No. 2:03-CV-01514-KJD-LRL

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: GALAXY CONSTRUCTION LITIGATION (CASE NO. A470858)**

    The trial of the claims set forth in the complaint filed in the Eighth Judicial District Court in Case Nos. A470858 came on before this Court, the Honorable Kent J. Dawson, United States District Judge, presiding. This Court having heard and considered the evidence presented during the course of said trial, the argument of counsel, and being fully advised in the premises, makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

    1.    Black Tie Investments ("Black Tie"), became the record title holder of certain real property located in Clark County, Nevada, commonly known as 1660 S. Valadez, Las Vegas, Nevada, Assessor's Parcel Number 163-04-605-009 (the "Property") by Grant,

Bargain, Sale Deed – In Lieu of Foreclosure (the "Deed") dated February 15, 2002, recorded on February 15, 2002 in Book 20020215 as Instrument No. 01928 in the official records of the Clark County Recorder.

2. The Deed was executed by Robert and Deborah Holgate as the managers of Chinook, LLC, a Nevada limited liability company.

3. On or about March 7, 2003, FRED HANS MAHLSTEDT dba GALAXY CONSTRUCTION ("Galaxy Construction") recorded a mechanic's lien against the Property in the amount of $122,000.00 in Book 20030307 as Instrument No. 02811 in the official records of the Clark County Recorder (the "Galaxy Lien").

4. The Galaxy Lien states that the work of improvement was performed at the request of Robert Holgate.

5. On or about July 21, 2003, Black Tie initiated litigation against Galaxy regarding the Galaxy Lien in Department XVII of the Eighth Judicial District Court, Clark County, Nevada as Case No. A470858 (the "Galaxy Litigation").

6. On December 18, 2003, this Court entered a Preliminary Injunction and appointed James H. Donell as the Permanent Receiver for various entities.  The Court's Preliminary Injunction also included a provision that stayed all pending litigation against the entities included in the Receivership Estate.

7. On or about July 12, 2004, this Court entered its Order Amending the Preliminary Injunction to include additional entities within the Receivership Estate, including Black Tie.

8. As a result of the Preliminary Injunction, the Galaxy Litigation was stayed.

9. Galaxy Construction ceased work at the Property on or before October 8, 2002.

10. At the time that Galaxy Construction ceased work at the Property, the 2002 version of Nevada's mechanic's lien laws was in effect.

11. On September 7, 2005, this Court entered its Order authorizing the Receiver to sell the Property free and clear of any and all liens, including the Galaxy Lien and the Ghazal Deed of Trust, subject to 150% of the Galaxy Lien and Ghazal Deed of Trust being set aside in separate interest bearing accounts until the resolution of said liens.

12. On December 1, 2006, this Court authorized the posting of a surety bond in the amount of $180,000.00 for the benefit of Galaxy, and a surety bond in the amount of $340,800.00 for the benefit of Ghazal to replace the funds held on deposit from the sale of the Property as ordered by this Court (Document No. 685).

13. On January 9, 2007, the Receiver filed the Notice of Posting Bond for the release of the Court-ordered deposit (Document No. 693). The Notice included a bond issued by First American Title Insurance Co. ("First American") in the amount of $180,000.00 for the benefit of Galaxy and a bond issued by First American in the amount of $340,800.00 for the benefit of Ghazal (the "First American Bonds").

14. Thereafter, the proceeds from the sale of the Property were distributed by the Receiver, in accordance with the orders of the Court.

## CONCLUSIONS OF LAW

1. Pursuant to the prior mechanic's lien statute in effect at the time that the Galaxy Lien was recorded, NRS 108.226(1), a mechanic's lien must have been recorded:

    (a)   within 90 days after completion of the work of improvement;

    (b)   within 90 days after the last delivery of material by the lien claimant; or

    (c)   within 90 days after the last performance of labor by the lien claimant;

    whichever is later.

    See NEV. REV. STAT. § 108.226(1) (2002).

2. Further, the statute provided that "[a]ny one of the following acts or events is equivalent to completion of the work of improvement'" for purposes of subsection 1(a):

3

1  (a) The occupation or use of a building, improvement or structure by the owner, his agent or his representative and accompanied by cessation of labor thereon.

(b) The acceptance by the owner, his agent or his representative of the building, improvement or structure.

(c) The cessation from labor for 30 days upon any building, improvement or structure, or the alteration, addition to or repair thereof.

(d) The recording of the notice of completion provided in NRS 108.228.

See Nev. Rev. Stat. § 108.226(3)(a)-(d) (2002).

3. Based on the facts and evidence presented at the trial, Galaxy Construction's work at the Property ceased on October 8, 2002.

4. Pursuant to the prior version of Nev. Rev. Stat. § 108.226(3)(c) (2002) in effect at that time, the "completion of the work" occurred thirty (30) days later, or November 7, 2002, at which time Galaxy had ninety (90) days to record its mechanic's lien, *i.e.*, on or before February 5, 2003.

5. The Galaxy Lien was not recorded until March 7, 2003.

6. As a result, the Galaxy Lien was not recorded in a timely manner under Nevada law applicable at that time.

7. Nevada law provides that "[i]f the plain meaning of a statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." See Beazer Homes Nevada, Inc. v. Eighth Judicial District Court, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004).

8. Nev. Rev. Stat. § 108.226(3)(c) (2002) clearly contains a 90-day window after the "completion of the work" for the recording of mechanic's liens.

9. This Court finds no ambiguity regarding the 90-day time period set forth in of Nev. Rev. Stat. § 108.226(3)(c) (2002).

4

10. Nevada courts have long held that mechanic's liens are not properly perfected where the subject lien was not recorded within the statutorily prescribed time period, such as the ninety (90) day requirement of the prior version of NEV. REV. STAT. § 108.226(3)(c) (2002).

11. The Nevada Supreme Court has previously granted relief to property owners where lien claimants failed to fully comply with the applicable lien laws. See, e.g., Schofield v. Copeland Lumber Yards, Inc., 101 Nev. 83, 86, 692 P.2d 519, 521 (1985) ("Since respondent did not fully or substantially comply with the lien statutes, the lien is invalid as a matter of law…").

12. "Strict compliance with the statutes creating the remedy is therefore required before a party is entitled to any benefits occasioned by its existence .... If one pursues his statutory remedy by filing a complaint to perfect a mechanic's lien, he necessarily implies full compliance with the statutory prerequisites giving rise to the cause of action." See id. at 84, 692 P.2d at 520 (quoting Fisher Bros., Inc. v. Harrah Realty Co., 92 Nev. 65, 67, 545 P.2d 203 (1976)).

13. Galaxy argues that the work of improvement was not complete because future work was contemplated by Holgate and Galaxy. However, Holgate no longer owned the property, and, no work was performed by Galaxy after October 8, 2002. Holgate certified that all work for which he had authorized Galaxy to proceed was completed by that date.

14. Galaxy urges that "substantial compliance" is sufficient for the time requirements of the mechanic's lien statute. However, Nevada's statutory prescribed window of ninety (90) days leaves little room for judicial construction or "substantial compliance" analysis. Leven v. Frey, 123 Nev. 399, 168 P.3d 712, 718, n.31 (2007)(citing Regency Invs. v. Inlander Ltd., 855 A.2d 75, 79 (Pa. Super. Ct. 2004)).

15. Here, the Galaxy Lien was not timely recorded in accordance with applicable Nevada law, as Galaxy Construction did not record its lien until after the expiration of the statutorily prescribed ninety (90) day window.

16. This Court hereby concludes that the Galaxy Lien was not timely recorded and is therefore invalid and unenforceable.

17. As a result, Galaxy Construction is not entitled to recover against the pertinent First American Bond.

18. Therefore, this Court concludes as a matter of law that the First American Bond posted for release of court-ordered deposit held in connection with the Galaxy Lien, Bond No. 7586816, on file herein as Exhibit A to Document No. 693, is hereby discharged and First American is hereby released from further responsibility in connection with said bond.

## **Conclusion**

As a result of the Findings of Fact and Conclusions of Law set forth above,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Galaxy Lien is invalid and unenforceable;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Galaxy Construction is not entitled to recover under that surety bond for release of court-ordered deposit posted by First American, Bond No. 7586816, on file herein as Exhibit A to Document No. 693;

///
///
///
///
///
///
///

1   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the surety bond for
2   release of court-ordered deposit posted by First American, Bond No. 7586816, on file herein as
3   Exhibit A to Document No. 693 is hereby discharged and First American is hereby released from
4   further responsibility in connection with said bond.
5   DATED this 17th day of December 2010.

_____
Kent J. Dawson
United States District Judge