DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>GLOBAL EXPRESS CAPITAL REAL ESTATE INVESTMENT FUND I, LLC; GLOBAL EXPRESS CAPITAL MORTGAGE CORP.; GLOBAL EXPRESS SECURITIES, INC.; CONNIE S. FARRIS; and DAWN M. REESE,<br><br>            Defendants. | Case No. CV-S-03-1514-KJD-(LRL)<br><br>**FINAL JUDGMENT AGAINST DEFENDANT CONNIE FARRIS** |

On March 28, 2006, the Court issued an Order granting plaintiff Securities and Exchange Commission's ("Commission") motion for summary judgment against defendant Connie Farris ("Farris"). Following Farris's appeal to the Ninth Circuit, the Ninth Circuit held that the district court had properly granted summary judgment against Farris, but remanded the case for recalculation of the disgorgement amount. The Commission has now notified that Court that it has determined to forgo its claims for disgorgement and prejudgment interest against Farris. The Court now enters this Final Judgment against defendant Connie Farris:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Farris and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Farris and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Farris and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from aiding and abetting the violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Rules 12b-20 and 15d-13 thereunder [17 C.F.R. §§ 240.12b-20 and 240.15d-13], by filing with the Commission materially false and misleading periodic reports.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Farris and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Rule 15d-14 under the Exchange Act [17 C.F.R. § 240.15d-14] by certifying any periodic report filed with the Commission that contains any untrue statement of material fact of omits to state facts necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered by the reports.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Farris is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Farris shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Farris shall make this payment within 14 days after entry of this Final Judgment.

Farris may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

1 http://www.sec.gov/about/offices/ofm.htm.  Farris may also pay by certified check,
2 bank cashier's check, or United States postal money order payable to the Securities
3 and Exchange Commission, which shall be delivered or mailed to
4     Enterprise Services Center
5     Accounts Receivable Branch
6     6500 South MacArthur Boulevard
7     Oklahoma City, OK 73169
8 and shall be accompanied by a letter identifying the case title, civil action number,
9 and name of this Court; identifying Farris as a defendant in this action; and
10 specifying that payment is made pursuant to this Final Judgment.
11     Farris shall simultaneously transmit photocopies of evidence of payment and
12 case identifying information to the Commission's counsel in this action.  By
13 making this payment, Farris relinquishes all legal and equitable right, title, and
14 interest in such funds and no part of the funds shall be returned to Farris.  The
15 Commission shall send the funds paid pursuant to this Final Judgment to the
16 United States Treasury.  Farris shall pay post-judgment interest on any delinquent
17 amounts pursuant to 28 U.S.C. § 1961.

**VII.**

19     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that James
20 Donell, the receiver in this case, may institute and prosecute all actions and take
21 such other steps that are reasonable and appropriate to enforce and collect upon
22 this Final Judgment.

**VIII.**

24     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
25 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
26 of this Final Judgment.

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: <u>October 19</u>, 2012

_____
HONORABLE KENT J. DAWSON
UNITED STATES DISTRICT JUDGE