13390.3

**BYRON Z. MOLDO, SBN 109652**
**ERVIN COHEN & JESSUP LLP**
**9401 WILSHIRE BOULEVARD, 9TH FLOOR**
**BEVERLY HILLS, CALIFORNIA 90212**
**Tel: 310\ 273-6333**
**Fax: 310\ 859-2325**

**RANDOLPH L. HOWARD, NV SBN 6688**
**KOLESAR & LEATHAM, CHTD.**
**WELLS FARGO FINANCIAL CENTER**
**400 S. RAMPART BLVD., SUITE 400**
**LAS VEGAS, NV 89145**
**TEL: 702-362-7800**
**FAX: 702-362-9472**

**Attorneys for James H. Donell,**
**Permanent Receiver**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SECURITIES & EXCHANGE
COMMISSION,

        Plaintiff,

v.

GLOBAL EXPRESS CAPITAL REAL
ESTATE INVESTMENT FUND I, LLC,
et al.,

        Defendants.

CASE NO.: CV-S-03-1514-KJD-LRL

**ORDER APPROVING
RECEIVER'S FINAL ACCOUNT AND
REPORT; AND FINAL APPLICATION
FOR APPROVAL OF RECEIVER'S
FEES AND EXPENSES**

Date:   December 5, 2012
Time:   9:00 a.m.
Ctrm:  6D

The "Final Account and Report of Receiver; Final Application For Approval Of

Receiver's Fees And Expenses; Memorandum Of Points And Authorities;

Declarations Of James H. Donell, Byron Z. Moldo, Randolph L. Howard, and James

13390.3:1718990.1

1

1   T. Schaefer In Support Thereof" ("Application"), having been filed with the Court,

2   and notice of hearing having been served upon all interested parties, the matter came

3   on for hearing on December 5, 2012, 2010 at 9:00 a.m. in Courtroom 6D of the above-

4   entitled Court, before the Honorable Kent J. Dawson, United States District Judge.

5   Byron Z. Moldo of Ervin Cohen & Jessup LLP appeared on behalf of James H.

6   Donell, Permanent Receiver; James H. Donell, Permanent Receiver appeared; other

7   parties appeared as reflected in the Court's minutes.

8        The Court having read and considered the Application, all opposing and reply

9   papers, and after hearing the statements and arguments of counsel, and being fully

10  advised in the premises, rules as follows:

11       1.    IT IS HEREBY ORDERED that the Receiver's fees and expenses for the

12  period March 1, 2012 through the termination of the receivership estate in the amounts

13  of $20,145.50 and $16,591.17, respectively, are approved.

14       2.    IT IS FURTHER ORDERED that the fees and expenses of the

15  Receiver's general counsel, Ervin Cohen & Jessup LLP ("ECJ"), for legal services

16  performed on behalf of the Receiver for the period March 1, 2012 through the

17  termination of the receivership estate in the amounts of $24,923.75 and $4,941.18,

18  respectively, are approved.

19       3.    IT IS FURTHER ORDERED that the fees and expenses of the

20  Receiver's special Nevada counsel, Kolesar & Leatham, Chtd. ("Kolesar"), for legal

21  services performed on behalf of the Receiver for the period March 1, 2012 through the

22  termination of the receivership estate in the amounts of $46,317.50 and $1,288.66,

23  respectively, are approved.

24       4.    IT IS FURTHER ORDERED that the fees and expenses of the

25  Receiver's accountant, Schaefer & Co. ("Schaefer"), for accounting services

26  performed on behalf of the Receiver for the period March 1, 2012 through the

27

28

1  termination of the receivership estate in the amounts of $4,101.27 and $464.00,
2  respectively, are approved.

3       5.    IT IS FURTHER ORDERED that the Receiver is authorized to pay the
4  Receiver, ECJ, Kolesar, and Schaefer the amount of approved fees and expenses from
5  the funds in his possession.

6       6.    IT IS FURTHER ORDERED that the Receiver's Final Account and
7  Report is approved, settled and allowed herewith as presented.

8       7.    IT IS FURTHER ORDERED that the Receivership is terminated and the
9  Receiver discharged from all further duties, liabilities and responsibilities.

10      8.    IT IS FURTHER ORDERED that the Receiver's total fees and costs
11 through the termination of the Receivership are allowed, settled and approved.

12      9.    IT IS FURTHER ORDERED that the total fees and costs of the
13 Receiver's general counsel, ECJ, through the termination of the Receivership are
14 allowed, settled and approved.

15      10.    IT IS FURTHER ORDERED that the total fees and costs of the
16 Receiver's special counsel, Kolesar, through the termination of the Receivership are
17 allowed, settled and approved.

18      11.    IT IS FURTHER ORDERED that the total fees and costs of the
19 Receiver's accountants, Schaefer, through the termination of the Receivership are
20 allowed, settled and approved.

21      12.    IT IS FURTHER ORDERED that the Receiver is authorized to distribute
22 any remaining funds in the Receivership Estate, after payment of approved fees and
23 costs to the Receiver, ECJ, Kolesar, and Schaefer, *pro rata,* to investors with Court-
24 approved claims.

25      13.    IT IS FURTHER ORDERED that all of the Receiver's acts, transactions
26 and all of his actions, including the actions of his attorneys, accountants, employees
27 and agents, as Receiver herein for the duration of the Receivership, are ratified,

28

13390.3:1718990.1

3

ORDER APPROVING FINAL ACCOUNT AND REPORT OF RECEIVER, AND FINAL APPLICATION
FOR APPROVAL OF RECEIVER'S FEES AND EXPENSES

confirmed and approved as being right and proper and in the best interests of the Receivership Estate and the parties to this action.

14.    IT IS FURTHER ORDERED that all distributions for compensation and costs to the Receiver made during the Receivership are ratified, confirmed and approved.

15.    IT IS FURTHER ORDERED that all distributions for compensation and costs to ECJ made during the Receivership are ratified, confirmed and approved.

16.    IT IS FURTHER ORDERED that all distributions for compensation and costs to Kolesar made during the Receivership are ratified, confirmed and approved.

17.    IT IS FURTHER ORDERED that all distributions for compensation and costs to Schaefer made during the Receivership are ratified, confirmed and approved.

18.    IT IS FURTHER ORDERED that the Receiver and the Receivership Estate are released from all liability for any and all claims, demands or causes of action that may have directly or indirectly arisen from the Receivership Estate prior to, during or after the Receivership period, that were not brought before this Court before the time of hearing on the Final Account and Report.

19.    IT IS FURTHER ORDERED that unless defendant Connie Farris ("Farris") pays to the Receiver within thirty (30) days following entry of this Order the sum set forth in Paragraph 20(a) or 20(b) below, which represents the costs of relocating and storing the existing books, records, computers and miscellaneous items of the Receivership Estate under the control of the Receiver for a period of one (1) year, the Receiver is authorized at any time after thirty (30) days following entry of this Order to abandon and destroy all Receivership Estate records consisting of books, records, documents, and computers, including but not limited to, all other miscellaneous items under the control of the Receiver which are located in the Receiver's storage facility ("Receivership Records").

20.  IT IS FURTHER ORDERED that within thirty (30) days following entry of this Order, defendant Farris may, at her sole option, elect to have the Receiver continue to store for a period of one (1) year from the date of entry of this Order the Receivership Records,  by notifying the Receiver, in writing, and paying to the Receiver in cash or equivalent, one of the following amounts within said thirty (30) day period following entry of this Order:

(a)  $19,800.00, which represents the actual rental expense of the Receiver's current fully accessible storage facility located in Brentwood, California for a period of one (1) year; or

(b)  $15,689.60, which represents the estimated costs of relocating and storing the Receivership Records for a period of one (1) year to a less expensive, but less accessible, mini-storage facility located in Los Angeles, California, which specific facility will be determined by the Receiver in the Receiver's sole discretion. The estimated costs of relocation and storage are based on the following:

a.  Rent for one (1) year for four (4) 10x15 storage units at the rate of $296.00 per month = $14,208.00.

b.  Truck rental for two (2) days at $100 per day = $200.00.

c.  Dollies rental – 3 at $20 per day for two (2) days = $120.00.

d.  Supervision by Receiver's representative:  4 hours at $75.00 per hour = $300.00; and

e.  Laborers:  Three (3) at $17.95 per hour x 8 hours x 2 days = $861.60.

21.   IT IS FURTHER ORDERED that if defendant Farris elects to pay to the Receiver the amount set forth in 20(b) above, and the actual costs total more than the estimated costs, defendant Farris shall within twenty (20) days following written demand from the Receiver, pay such additional amount to the Receiver.  In the event that defendant Farris fails to pay the additional amount to the Receiver, the storage period of the Receivership Records set forth in paragraph 20.(b)a. above shall be

1    reduced accordingly.  In the event the actual costs are less than the estimated costs, the

2    Receiver shall remit to defendant Farris the excess amount within twenty (20) days

3    after the actual costs are determined by the Receiver.

4         22.      IT IS FURTHER ORDERED that in the event defendant Farris pays to

5    the Receiver either of the amounts set forth in paragraph 20 above, defendant Farris

6    shall be entitled to continued storage of the Receivership Records for additional one-

7    year periods in the same general area as the Receivership Records currently exist and

8    in the same or comparable space at prevailing rates as determined by the Receiver in

9    his sole discretion.  The Receiver shall notify defendant Farris of the amount due for

10    an additonal one-year period, in writing, not less than sixty (60) days prior to

11    expiration of the time for which storage charges were paid, and the continued annual

12    storage charges must be paid to the Receiver no later than thirty (30) days prior to the

13    expiration of the time for which storage charges were previously paid.

14         23.      IT IS FURTHER ORDERED that in the event defendant Farris pays to

15    the Receiver any amounts pursuant to paragraphs 20 or 22 above, but fails to pay to

16    the Receiver the amounts required for continued storage of the Receivership Records,

17    the Receiver is authorized to abandon and destroy the Receivership Records.

18         24.      IT IS FURTHER ORDERED that any bonds heretofore filed by the

19    Receiver are released from liability, and the sureties exonerated thereon.

20

21    DATED: 12/20/12

22                                    KENT J. DAWSON

23                                    UNITED STATES DISTRICT COURT JUDGE

24

25

26

27

28

ORDER APPROVING FINAL ACCOUNT AND REPORT OF RECEIVER, AND FINAL APPLICATION
FOR APPROVAL OF RECEIVER'S FEES AND EXPENSES